**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **ANTONY PARIS,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 8:19-cv-02839** |
| | ) | |
| **SAINT LEO UNIVERSITY** | ) | |
| **INCORPORATED,** | ) | |
| | ) | |
|     **Defendant.** | ) | |
| _____ | ) | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

Comes Now Plaintiff, ANTONY PARIS ("Plaintiff" or "Paris"), files his Complaint against Defendant, SAINT LEO UNIVERSITY INCORPORATED ("Defendant" or "Saint Leo"), and in support he states the following:

## NATURE OF THE CLAIMS

1.　　This is an action for monetary damages pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq.* ("ADEA"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq.* ("FCRA") to redress Defendant's unlawful employment practices against Plaintiff, including discrimination, harassment, retaliation against Plaintiff because of his age and disability leading to his unlawful termination.

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA and the ADA.

3.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5.     Plaintiff, Paris, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Pasco County.

6.     Plaintiff worked for Defendant at its campus located at 33701 FL-52, St. Leo, Florida 33574.

7.     Defendant, Saint Leo is a Florida Not For Profit Corporation with its principal place of business in St. Leo, Florida, located in Pasco County, Florida.

8.     Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9.     Plaintiff has complied with all statutory prerequisites to filing this action.

10.     On January 30, 2019, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on age, disability, and retaliation.

11.     Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

12.     On August 6, 2019, the FCHR issued to Plaintiff a Notice of Dismissal, upon request.

13.     The EEOC administratively adopted the position of the FCHR and on August 28, 2019 the EEOC issued to Plaintiff a Notice of Right to Sue.

14.     This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

1.      Plaintiff worked for Defendant as the Head Coach of Defendant's Soccer Team for approximately one (1) year and ten (10) months.

2.      Plaintiff is a disabled man and was over the age of forty (40) at all times material to this action.

3.      During Plaintiff's employment, Defendant targeted Plaintiff due to his age and disability.

### *Defendant Discriminated Against Plaintiff Due to His Age*

4.      Defendant's discriminatory animus towards Plaintiff's age was apparent from the beginning evidenced by Defendant's discriminatory and offensive comments during Plaintiffs interview. During Plaintiff's interview, Mr. Francis Reidy, Vice President of Athletics and Athletic Director, raised concerns about hiring Plaintiff stating that others would comment, "Who's this old guy," referring to Plaintiff.

5.      Mr. Reidy continued his discriminatory rant by further commenting to Plaintiff, "I thought you [Plaintiff] would have been retired by now."

6.      Defendant's discriminatory animus towards Plaintiff's age continued to progress. Defendant repeatedly asked Plaintiff "Are your legs tired?" again, implying that due to Plaintiff's

age he could not handle the rigors of his position. Defendant did not ask younger similarly situated employees such questions.

7.      Plaintiff was the oldest Coach on Defendant's staff.   Defendant's other coaches were in their 30's and 40's primarily.

8.      Mr. Reidy would often express how he liked the "younger coaches" and how the "college business had changed and [is now] fueled with these young go getters who are hungry for success" implying Plaintiff would not be able to succeed due to his age.

9.      Defendant regularly discussed the "demands of the job" with Plaintiff and commented that Plaintiff was "not as young as he used to be." These discussions were not had with younger similarly situated coaches.

10.     Mr. Reidy further harped on the amount of hours Plaintiff's job would require stating, "You [Plaintiff] know this is a 60 to 70-hour work week," suggesting that Plaintiff would be unable to handle the workload due to his age.

### *Defendant Discriminated Against Plaintiff Due to His Disability*

11.     At all times relevant to this action Plaintiff suffered from bone spurs in his shoulder, a torn rotator cuff, arthritis in his clavicle, and a ruptured bicep tendon which are physical impairments within the meaning of the ADA and which Defendant regarded as such an impairment.

12.     Plaintiff's disabilities impacted his ability to, among other things, care for himself, lift, and perform manual tasks.

13.     At all times relevant Plaintiff was a qualified individual with a disability within the meaning of the ADA.

14.     In the alternative Defendant regarded Plaintiff as being disabled.

15.     Plaintiff was, at all times relevant, able to perform the essential functions of his position with Defendant.

16.     Upon receiving his diagnoses, Plaintiff notified Mr. Reidy of his disabilities.

17.     After months of suffering with chronic pain due to his disabilities Plaintiff scheduled a necessary surgery.

18.     Plaintiff notified Mr. Reidy of his upcoming scheduled surgery.

19.     Mr. Reidy immediately expressed his discriminatory animus towards Plaintiff's disability by lamenting that the timing of Plaintiff's scheduled surgery would negatively impact Defendant's "recruitment period," which coincided with Plaintiff's surgery.

20.     Mr. Reidy further commented that he would "think about our [Plaintiff and Defendant's] future" in an attempt to intimidate Plaintiff and discourage him from having his surgery.

21.     Due to the necessity of medical intervention to address his disabilities, Plaintiff took a very short four days off to have surgery performed on his rotator cuff, bicep, bone spurs removed, and Arthritis removed from his clavicle and to heal from the same.

### *Plaintiff's Discriminatory Termination*

22.     A mere four weeks following Plaintiff's return from his brief medical leave, due to his age, disability, and in retaliation for taking time off for his surgery, Defendant terminated Plaintiff citing performance as pretext.

23.     Following Plaintiff's termination, Defendant filled Plaintiff's position with an individual who is significantly younger than Plaintiff and non-disabled.

24.     Defendant cited pretextual reasons for Plaintiff's termination and this is evidenced by the fact that Plaintiff's Assistant Coach, who is well under the age of 40, was not terminated.

25.     Further, Defendant's discriminatory animus towards Plaintiff's age and disability is highlighted by the fact that Defendant retained underperforming younger and non-disabled Coaches in its men's and women's basketball programs.

26.     Plaintiff has been damaged by Defendant's illegal conduct.

### Count I:
### *Age Based Discrimination in Violation of the ADEA*

27.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

28.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his age

29.     Defendant is prohibited under ADEA from discriminating against Plaintiff because of his age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

30.     Defendant violated the ADEA by unlawfully targeting and discriminating against Plaintiff based on his age.

31.     Defendant intentionally discriminated against Plaintiff on the basis of his age.

32.     Plaintiff has been damaged by the illegal conduct of Defendant.

33.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

34.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## Count II:
### *Retaliation in Violation of the ADEA*

35.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

36.     Plaintiff engaged in protected activity under the ADEA while employed by Defendant.

37.     Defendant's conduct violated the ADEA.

38.     Defendant's discriminatory conduct, in violation of the ADEA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

39.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

40.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## Count III:
### *Disability Based Discrimination in Violation of the ADA*

41.     Plaintiff re-alleges and adopts, as it fully set forth herein, the allegations stated in Paragraphs 1-26 above.

42.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

43.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

44.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

7

45.     Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

46.     Defendant intentionally discriminated against Plaintiff on the basis of his disability.

47.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

48.     Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**Count IV:**
***Retaliation in Violation of the ADA***

49.     Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-26 above.

50.     Plaintiff engaged in protected activity under the ADA while employed by Defendant.

51.     Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity and request for reasonable accommodation.

52.     Defendant's conduct violated the ADA.

53.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

54.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

55.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count V:
### *Handicap Based Discrimination in Violation of the FCRA*

56.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-26 above.

57.     Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

58.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

59.     Defendant violated the FCRA by constructively terminating and discriminating against Plaintiff based on his handicap.

60.     Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

61.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

62.     Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and or punitive damages.

**Count VI:**

*Age Based Discrimination in Violation of the FCRA*

63.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

64.     At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of his age.

65.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

66.     Defendant violated the FCRA by discharging and discriminating against Plaintiff based on his age.

67.     Defendant intentionally discriminated against Plaintiff on the basis of his age.

68.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

69.     Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count VII:
### *Retaliation in Violation of the FCRA*

70.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

71.     Plaintiff engaged in protected activity under the FCRA.

72.     Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

73.     Defendant's conduct violated the FCRA.

74.     Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

75.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

76.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)     Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)     Granting Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)     Award any other and further relief as this Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**<u>/s/ Gabrielle Klepper</u>**
Gabrielle Klepper
Florida Bar No. 92815
Gary Martoccio
Florida Bar No. 99040
**Spielberger Law Group**
4890 W. Kennedy Blvd
Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.klepper@spielbergerlawgroup.com
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*